IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02474-BNB

DAVID CHITWOOD,

    Applicant,

v.

JOHN DAVIS, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, David Chitwood, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Chitwood initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 4, 2010, he filed an amended application for a writ of habeas corpus pursuant to § 2241 on the proper form (Doc. #4). Mr. Chitwood is challenging the computation of his sentences by the DOC.

On November 8, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action. On November 12, 2010, Respondents responded to Magistrate Judge Boland's November 8 order by filing a Pre-Answer Response (Doc. #8) in which they argue both that this action is untimely

and that Mr. Chitwood's claims are not exhausted. On January 3, 2011, Mr. Chitwood filed a reply (Doc. #11) to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Chitwood liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Chitwood alleges that in 1993, while he was an inmate in the Missouri Department of Corrections, he was transferred temporarily to Colorado to face charges in the District Court of Jefferson County, Colorado. On September 16, 1993, Mr. Chitwood pled guilty in Jefferson County District Court case number 93CR1140 to one count of second degree burglary and one count of second degree forgery. (*See* Doc. #8-3.) He was sentenced to concurrent prison terms of twenty years for second degree burglary and eight years for second degree forgery. (*See id.*) The Jefferson County District Court also ordered that the concurrent prison terms imposed in 93CR1140 be served consecutively to Mr. Chitwood's sentences in Missouri. (*See id.*)

Mr. Chitwood alleges that following his Colorado sentencing in 93CR1140 he was returned to Missouri to complete his Missouri sentences. He further alleges that on October 16, 1993, he completed the Missouri sentences he then was serving and of which the Jefferson County District Court was aware when that court imposed the sentences in 93CR1140. However, Mr. Chitwood asserts that he remained incarcerated in Missouri until November 10, 1998, serving an additional consecutive

Missouri sentence about which the Jefferson County District Court had not been advised and that the Jefferson County District Court had not considered when it imposed the sentences in 93CR1140.

Mr. Chitwood maintains that he was returned to Colorado to serve his sentences in 93CR1140 on November 10, 1998, and that he has been incarcerated continuously in Colorado since that date. On February 27, 2009, Mr. Chitwood was sentenced in another Colorado case, Adams County District Court case number 08CR3626, to a term of six years in prison to be served consecutively to his sentences in Jefferson County District Court case number 93CR1140. (*See* Doc. #4 at p.35.)

Mr. Chitwood asserts three claims for relief in the amended application challenging the computation of his sentences in 93CR1140, although the first two claims appear to raise the same issue. The crux of Mr. Chitwood's first two claims is his contention that his sentences in 93CR1140 actually commenced on October 16, 1993, when he completed the original Missouri sentences, and not on November 10, 1998, when he was returned to Colorado. The DOC has calculated Mr. Chitwood's sentences as commencing on November 10, 1998. Mr. Chitwood's third claim for relief challenges the amount of good time and earned time credits that have been applied to his sentences by the DOC. In his reply filed on January 3, 2011, Mr. Chitwood confirms that the only two issues he is raising in this action relate to the date on which the DOC has determined his sentences in 93CR1140 commenced and the amount of good time and earned time credits that have been applied to those sentences by the DOC. (*See* Doc. #11 at p.3.)

Mr. Chitwood contends that he raised these same claims in the Chaffee County

District Court in a petition for writ of habeas corpus that was filed on August 31, 2009. (*See* Doc. #8-8.) On September 21, 2009, the Chaffee County District Court denied the habeas corpus petition. (*See* Doc. #8-9.) Mr. Chitwood did not appeal from the denial of his habeas corpus petition. Instead, he filed in the Colorado Supreme Court an original petition for writ of habeas corpus. On November 25, 2009, the Colorado Supreme Court denied the original habeas corpus petition filed in that court. (*See* Doc. #8-10.)

Respondents first argue that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court notes initially that the one-year limitation period in § 2244(d) applies to a habeas corpus action pursuant to § 2241 filed by a state prisoner challenging the execution of his sentence. ***See Burger v. Scott***, 317 F.3d 1133, 1138 (10th Cir. 2003). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue specifically that, because Mr. Chitwood's conviction in 93CR1140 became final before the one-year limitation period in § 2244(d) was effective on April 24, 1996, the one-year limitation period began to run on that date and expired on April 24, 1997. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998) (finding that one-year limitation period begins on April 24, 1996, for convictions that became final prior to the effective date of § 2244(d)). However, this argument fails to recognize that Mr. Chitwood is challenging the execution of his sentences rather than the validity of his conviction and that the one-year limitation period does not begin to run on the date a conviction becomes final if the factual predicate for the claims being asserted could not have been discovered through the exercise of due diligence until some later date. *See* 28 U.S.C. § 2244(d)(2)(D). As noted above, Mr. Chitwood was not returned to the custody of the DOC following service of his Missouri sentences until November 10, 1998, and that is the date on which the DOC commenced his sentences in Jefferson County District Court case number 93CR1140. As a result, it appears that Mr. Chitwood could not have discovered the factual predicate for his claims challenging the computation of his sentences in 93CR1140 until some time after he was returned to

Colorado to serve those sentences. In any event, because Respondents fail to demonstrate that Mr. Chitwood could have discovered the factual predicate for his claims challenging the computation of his sentences in 93CR1140 prior to April 24, 1996, the Court rejects their argument that the one-year limitation period commenced on April 24, 1996, and expired on April 24, 1997.

The Court next will address Respondents' argument that Mr. Chitwood's claims are not exhausted. Mr. Chitwood must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court

6

proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents specifically argue that Mr. Chitwood's claims are not exhausted for two reasons. First, although Respondents state that Mr. Chitwood presented the same claims in the habeas corpus petition filed in the Chaffee County District Court that are raised in the instant action, Respondents argue that the claims presented in this action are not exhausted because Mr. Chitwood did not raise those claims as federal constitutional claims in the Chaffee County District Court habeas corpus petition. Respondents concede that Mr. Chitwood made a number of explicit references to the United States Constitution in the habeas corpus petition filed in the Chaffee County District Court. However, Respondents argue that Mr. Chitwood failed to exhaust state remedies because the references in his state habeas corpus petition to the United States Constitution were merely "fleeting references" without "significant mention" of a federal constitutional issue. (Doc. #8 at pp.10-11.) Respondents also argue that Mr. Chitwood's claims in this action are not exhausted because he did not appeal from the denial of the Chaffee County District Court habeas corpus petition and the original habeas corpus petition he filed in the Colorado Supreme Court does not satisfy the fair presentation requirement.

Mr. Chitwood argues that he did raise his claims as federal constitutional claims in the habeas corpus petition filed in the Chaffee County District Court because he made several references to the United States Constitution and those references were sufficient to raise a federal constitutional claim. With respect to the asserted failure to appeal from the denial of the habeas corpus petition filed in the Chaffee County District Court, Mr. Chitwood contends that state law does not allow an appeal to the Colorado Court of Appeals. He further contends that the original habeas corpus petition he filed in the Colorado Supreme Court is authorized by state law and satisfies the fair presentation requirement.

The Court finds that Mr. Chitwood's repeated and explicit references to provisions of the United States Constitution in the habeas corpus petition filed in the Chaffee County District Court adequately presented his claims as federal constitutional claims in that court. *See **Hawkins v. Mullin**, 291 F.3d 658, 664 (10th Cir. 2002) (reference to due process and Eighth Amendment's freedom from cruel and unusual punishment satisfied fair presentation requirement); **Nichols v. Sullivan**, 867 F.2d 1250, 1252-53 (10th Cir. 1989) (reference in docketing statement to Fifth Amendment satisfied fair presentation requirement); see also **Davis v. Strack**, 270 F.3d 111, 122 (2d Cir. 2001) (stating that fair presentation requirement is satisfied by citation in state court briefs to specific provisions of the United States Constitution).

However, the Court agrees with Respondents that the original habeas corpus petition Mr. Chitwood filed in the Colorado Supreme Court did not satisfy the fair presentation requirement. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be

Case 1:10-cv-02474-ZLW Document 13 Filed 02/16/11 USDC Colorado Page 9 of 11

considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). Mr. Chitwood is correct that he could not appeal the denial of his habeas corpus petition filed in the Chaffee County District Court to the Colorado Court of Appeals. *See* Colo. Rev. Stat. § 13-4-102(1)(e). However, he could have sought review of the Chaffee County District Court order in the Colorado Supreme Court. *See Widemer v. People*, 784 P.2d 739 (Colo. 1989) (reviewing district court denial of a habeas corpus petition). But Mr. Chitwood did not seek review of the Chaffee County District Court order in the Colorado Supreme Court. Instead, he filed in the Colorado Supreme Court an original petition for writ of habeas corpus.

The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21; *Allen v. Zavaras*, 568 F.3d 1197, 1198 (10th Cir. 2009) (noting that "[u]nlike the state district court, . . . the Colorado Supreme Court is under no obligation to consider an original habeas petition"). Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Therefore, because Mr. Chitwood fails to demonstrate that the Colorado Supreme Court addressed the merits of the claims he raised in his original petition for a writ of habeas

corpus, the Court concludes that Mr. Chitwood's claims in this action were not presented fairly to the state appellate courts. As a result, the Court concludes that the claims are not exhausted and the instant action must be dismissed for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02474-BNB

David Chitwood
Prisoner No. 75987
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 16, 2011.

                                              GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                 Deputy Clerk